IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03175-CMA-KMT

CHRISTOPHER ROTHE, and
RAYMOND MICKELIC,

      Plaintiffs,

v.

RONALD C. SLOAN, in his official capacity as
Director of the Colorado Bureau of Investigation,

      Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss (Doc. # 10.) For the reasons provided below, the Court grants the instant Motion.

### I. BACKGROUND

Plaintiff Christopher Rothe was unconditionally released from the Colorado Department of Corrections in February of 2000, and has been required to register as a sex offender in Colorado since that time. (Doc. # 1 ¶¶ 8-9.) Plaintiff Raymond Mickelic was unconditionally released from the Colorado Department of Corrections in November of 2007, and has been required to register as a sex offender since that time. (Doc. # 1 ¶¶ 13.) On November 23, 2014, Plaintiffs filed their Complaint, containing a single claim for relief under 42 U.S.C. § 1983, and alleging that Colorado's sex offender

registration requirements constitute a violation of the Ex Post Facto Clause and the Eighth and Fourteenth Amendments. (Doc. # 1, ¶¶ 22-26.)

## II. ANALYSIS

In deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations and views these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation marks and alteration omitted). Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Solomon v. HSBC Mortgage Corp.*, 395 Fed. App'x 494, 497 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

Actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") are subject to the general personal injury limitation period of the state in which the action arose – here, the state of Colorado. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011); *Hunt v. Bennett*, 17 F.3d 1263, 1265–66 (10th Cir. 1994). In Colorado, a two-year statute of limitations applies to Section 1983 actions, unless this period is equitably tolled. *See* Colo. Rev. Stat. § 13–80–102(1)(g), (i) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (if not equitably tolled, "the statute of limitations for [Section] 1983 actions brought

in Colorado is two years from the time the cause of action accrued.")  And, in Colorado, "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Romero v. Lander*, 461 Fed. App'x. 661, 666 (10th Cir. 2012) (quoting *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 149 (Colo. 2007) (en banc)).

By contrast, federal law determines when a cause of action accrues. *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). Claims brought pursuant to Section 1983 "accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).  In *Romero*, the Tenth Circuit held that a Plaintiff's Section 1983 challenge to his sex offender classification accrued when he was initially classified as a sex offender following an administrative hearing in 2000, not when the Kansas Department of Corrections notified him in 2009 that it had reviewed his sex offender treatment and monitoring program file and determined to re-impose the sex offender classifications. 461 Fed. App'x. at 667-68.  As that court explained, "all the constitutional claims asserted in [plaintiff's] amended complaint relate to two injuries—his classification as an S–4 sex offender and the requirement that he admit to being a sex offender to participate in the [Sex Offender Treatment and Monitoring Program].  [Plaintiff] knew of these injuries in 2000, and his constitutional claims based on those injuries accrued at that time." *Id.* at 667.

Defendant's Motion to Dismiss asserts that the statute of limitations bars any suit here, and accordingly, this case should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court agrees. The dates establishing Defendant's affirmative defense are apparent in the Complaint; it provides that Plaintiff Rothe's claims accrued as of February 2000, and Plaintiff Mickelic's claims accrued as of November of 2007, when both men experienced the constitutional injury they allege – i.e., being required to register as sex offenders. Plaintiffs Rothe and Mickelic were aware, then, of the adverse consequences of the registration requirements as of February 2000 and November 2007, respectively. *See Pollard v. Clemants*, 11-CV-1810-RBJ-KMT, 2012 WL 2974676, at *3 (D. Colo. July 20, 2012) ("[Plaintiff's] claim accrued on January 29, 2003 when the Administrative Review Board classified him as a sex offender. He knew, or should have known, at that time that his constitutional rights had been violated.") Nevertheless, Plaintiffs did not file their Complaint until November of 2014, well outside the two-year statute of limitations. Accordingly, their claims are time-barred. *See Bartowsheski v. Topless*, 13-CV-2136-WJM-BNB, 2014 WL 3606989, at *2 (D. Colo. July 21, 2014) (holding claims relating to a plaintiff's classification as a sex offender were time-barred when he filed a complaint in 2013, because "the statute of limitations began to run on November 29, 2000, when Plaintiff received notice of the decision classifying him as a sex offender. . . . the limitations period expired on November 29, 2002.")

Additionally, there is no justification for tolling the statute of limitations here. "While the statute of limitations is an affirmative defense, when the dates given in the

4

complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Although Plaintiffs' Response brief contains a thorough discussion of every other argument proffered by Defendant in its Motion to Dismiss, it does not address Defendant's argument that their claims are barred by the statute of limitations. On that basis alone, Defendant's motion has thus been confessed. In any case, Plaintiffs would not be able to meet their burden here, because equitable tolling is limited to situations in which (1) a defendant has wrongfully impeded a plaintiff's ability to bring the claim or (2) truly extraordinary circumstances prevented a plaintiff from filing his claim despite diligent efforts. *Brodeur*, 169 P.3d at 149. There is no indication or evidence that Plaintiffs were prevented in any fashion from bringing their claims within the limitations period.

Moreover, although Plaintiffs' Response (generally) contends that the latest sex offender registry regime is substantively more punitive than prior statutes, this is not an adequate basis for tolling. (Doc. # 17 at 2-3.) The latest version of the statute went into effect over a decade ago (in 2004), and Tenth Circuit has already rejected this precise argument, noting that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run." *Romero*, 461 Fed. App'x at 669 (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)); *see also Gustavson v. United States,* 655 F.2d 1034, 1036 (10th Cir. 1981) (for the purpose of measuring a period of limitations, "a claimant is aware of the injury once

he or she has been apprised of the general nature of the injury.  Lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute").

Similarly, the Court has also considered whether Plaintiffs' claims could accrue within the statute of limitations period under the "continuing violation" doctrine.  That doctrine permits a Title VII plaintiff to challenge incidents that occurred outside of the statute of limitations if the incidents are sufficiently related and thereby constitute a continuing pattern of discrimination.  *See Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1139 (10th Cir. 2003).  Although the Tenth Circuit has not expressly resolved whether this doctrine applies in Section 1983 cases, that court has held that it is "simply not applicable" to civil rights actions brought pursuant to 42 U.S.C. § 1981, because the doctrine "is a creature of the need to file administrative charges, and because a section 1981 claim does not require filing such charges before a judicial action may be brought." *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997).  Such reasoning would apply equally here.  Additionally, *Romero*, 461 F. App'x at 669, stands as persuasive evidence that the Tenth Circuit would not apply the doctrine to the instant case.  As discussed above, in *Romero*, the Plaintiff attempted to argue that his cause of action did not accrue until he knew the full "nature and extent of his injuries." *Id.*  The Tenth Circuit rejected this argument and in doing so, specifically noted that the injury that is the "basis of action" in a Section 1983 claim is the violation of a constitutional right, and "such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* at 667 (quotations and citations omitted).  In other words, the injury does not "continue" throughout time, but accrues at the point

6

at which an individual is required to register as a sex offender. *See also Matthews v. Rice*, 11-3221-RDR, 2013 WL 5276128, at *2 (D. Kan. Sept. 18, 2013) (concluding that the continuing violation doctrine does not apply to challenges to an individual's status as a sex offender, because "the exception is triggered by a continuous series of unlawful acts, not by the continuing effects of the original violation. In this case, plaintiff is alleging the same ill effects from the first denial of his request for sex offender status override in 2004").

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1126 (10th Cir. 1997)). Plaintiffs' claims are time-barred, and as there are no additional facts that could alter this conclusion, amendment would be futile, and this case will be dismissed with prejudice.

### III. CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 10) is GRANTED. It is FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE in its entirety, each party to pay its own costs.

DATED: May 29, 2015

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge